**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| BURTON HAGWOOD, | : | **Hon. Noel L. Hillman** |
| Petitioner, | : | Civil No. 08-5073 (NLH) |
| v. | : | **OPINION** |
| J. GRONDOLSKY, | : |  |
| Respondent. | : |  |

**APPEARANCES:**

> BURTON HAGWOOD,#03671-087
> Hope Village, Inc.
> 2840 Langston Place S.E.
> Washington, D.C.  20020
> Petitioner Pro Se
>
> KAREN H. SHELTON, Assistant United States Attorney
> RALPH J. MARRA, JR., ACTING UNITED STATES ATTORNEY
> 402 East State Street, Room 430
> Trenton, New Jersey  08608
> Attorneys for Respondents

**HILLMAN, District Judge**

Petitioner Burton Hagwood filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 challenging the Bureau of Prisons' ("BOP") alleged reversal of a decision to place him on home confinement from November 23, 2008, through April 23, 2009, pursuant to 18 U.S.C. § 3624(c), as amended by the Second Chance Act, and to instead place him in Hope Village Halfway House effective December 23, 2008.  Because Petitioner was placed on home confinement on January 23, 2009, this Court will dismiss the Petition as moot.

### I.   BACKGROUND

When he filed this Petition on October 15, 2008, Petitioner was incarcerated at FCI Fort Dix in New Jersey, serving a federal sentence.  Petitioner filed an "Application for Temporary Restraining Order and Show Cause Order," and several attachments. By Order filed November 10, 2008, this Court construed the pleading as a Petition under 28 U.S.C. § 2241, and directed Respondent to file an answer.  The Petition challenges the BOP's alleged reversal of a decision to place Hagwood on home confinement in Arlington, Virginia, from November 23, 2008, through April 23, 2009, pursuant to 18 U.S.C. § 3624(c), as amended by the Second Chance Act, and to instead place him in Hope Village Halfway House effective December 23, 2008. Petitioner avers that, although a probation officer inspected and approved Petitioner's home as a place of confinement in June 2008, and the BOP executed an agreement regarding Petitioner's home confinement from November 23, 2008, through April 23, 2009, Petitioner received a letter dated September 25, 2008, from Joseph Wilmer, Administrative Director of Hope Village Halfway House, indicating that the BOP would place Petitioner in this halfway house in the District of Columbia effective December 23, 2008.  Petitioner contends that the BOP acted arbitrarily and contrary to the Second Chance Act and 18 U.S.C. § 3624(c).

On December 29, 2009, Respondent filed a motion to dismiss the Petition for failure to exhaust administrative remedies.  On February 9, 2009, this Court denied the motion to dismiss and extended the time for Respondent to answer.  On February 17, 2009, Respondent filed a notice stating that on January 23, 2009, the BOP transferred Petitioner to home confinement, presumably for the remainder of his sentence.

## II.  DISCUSSION

A.  Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  The federal habeas statute requires that the petitioner be in custody "under the conviction or sentence under attack at the time his petition is filed."  Lee v. Stickman, 357 F.3d 338, 342 (3d Cir. 2004) (quoting Maleng, 490 U.S. at 490-91).

This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the

execution of his sentence, he was in custody in New Jersey at the time he filed the Petition, see Burkey v. Marberry, __ F. 3d __, 2009 WL 385419 *2 (3d Cir. Feb. 18, 2009); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 242-44 (3d Cir. 2005), and he filed his petition in the district of confinement and named the Warden as respondent, see Burkey at *2.  The question here is whether the BOP's placement of Petitioner in home confinement on January 23, 2009, caused the Petition to become moot because it no longer presents a "case or controversy" under Article III, § 2, of the United States Constitution.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998); DeFunis v. Odegaard, 416 U.S. 312, 316 (1974); Miller v. Fed. Bureau of Prisons, 147 Fed. Appx. 302, 307 (3d Cir. 2005).

     The exercise of judicial power depends upon the existence of a case or controversy because Article III of the Constitution limits the judicial power of federal courts to "cases or controversies" between parties.  U.S. CONST. art. III, § 2.  "This "case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have 'a personal stake in the outcome' of the lawsuit."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477-78 (1990).  "This means that, throughout the litigation, the plaintiff must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a

favorable judicial decision." Spencer, 523 U.S. at 7 (citation and internal quotation marks omitted).

In this case, Petitioner challenges the date on which he was placed on home confinement. Petitioner argues that he should have been placed on home confinement as of November 23, 2008, rather than January 23, 2009. Petitioner has been on home confinement since January 23, 2009, and his custodial sentence will expire April 23, 2009. When BOP placed Petitioner on home confinement, the Petition became moot because Petitioner was no longer threatened with "an actual injury traceable to the [BOP] and likely to be redressed by a favorable judicial decision." Spencer, 523 U.S. at 7; see also Burkey at *5 (federal inmate's challenge to BOP determination that he is not eligible for early release became moot when inmate was released from prison because "[t]he possibility that the sentencing court will use its discretion to modify the length of Burkey's term of supervised release . . . is so speculative that any decision on the merits by the District Court would be merely advisory and not in keeping with Article III's restriction of power"); United States v. Johnson, 529 U.S. 53 (2000) (statute addressing supervised release does not permit court to reduce period of supervised release even where BOP miscalculated term of imprisonment). This Court will therefore dismiss the Petition as moot.

5

### III. CONCLUSION

For the reasons set forth above, the Court dismisses the Petition as moot.

                                         s/Noel L. Hillman
                                         **NOEL L. HILLMAN, U.S.D.J.**

Dated:  February 19 , 2009

At Camden, New Jersey